This matter is before the court on exceptions to the master's report after hearings on bill for an accounting.
In 1925 complainant and one Harry C. Leidinger formed a partnership to conduct a real estate business and to share equally in the profits. Subsequently two corporations were organized by them for convenience in conducting their business. Each of these corporations had a nominal amount of stock which was held equally between them. The business was conducted and the assets and business of the two corporations were handled substantially as though the corporations did not exist, the two corporations being used by the partners apparently as a mere matter of convenience and the lines between the corporate and individual transactions of *Page 189 
the partners were substantially ignored. On July 18th, 1928, Harry C. Leidinger died as a result of an accident. At the time of his death there was an insurance policy payable to his estate in the sum of $25,000, with a double indemnity clause in case of accidental death. This policy was collected in the sum of $50,000 by Anna M. Leidinger as administratrix of the estate of Harry C. Leidinger. After this action was commenced and by stipulation Anna M. Leidinger was made a party defendant to the action in her representative capacity as administratrix of her husband's estate.
The master found there were certain charges and credits as between the respective partners. The master found as against the claim of the complainant that the $50,000, the proceeds of the insurance policy of Harry C. Leidinger, was not a partnership asset. The sole ground of exception to the master's report is based on his failure to find that the complainant is to be credited with a one-half interest in this insurance policy.
Complainant contends that it was the intention of the partners that this policy should enure to the benefit of the partnership.
The master found that the contention of the complainant that the policy on the life of Leidinger was impressed with a trust in favor of the partnership was not sustained because the complainant's proofs did not measure up to the standard fixed by law in that they were not sufficiently definite, reliable and convincing. In my opinion, however, the proofs do show with sufficient certainty that it was the intention of the parties that the insurance should be for the benefit of the partnership. The history of the policy taken out on Leidinger's life as well as that taken out on complainant's life seems to show this. In December, 1927, the partners wished to secure a loan for the financing of a transaction in which they were interested. The president of the bank, to whom they applied for the loan, said to them: "How do you stand on your insurance; how are you fixed as far as your insurance goes? What would happen to the remaining party if one of you fellows died?" The partners then proceeded *Page 190 
to investigate the question of insurance, although before any insurance was taken out they had secured the loan from the bank in question. They first saw an insurance broker who testified that they told him that they discussed with him the form of policy that could be used to protect business interests of each partner. This broker further testified that complainant said in the presence of Leidinger: "We want this insurance so if anything happens to either one of us, the one of us who is left will have the money to wind up the business or to carry on as he sees fit." The broker told them, erroneously it would seem, that insurance could not be taken out payable to the partnership, and told them it would be necessary for each of them to take out insurance on his own life, payable to the estate of the insured. Up to this point it seems absolutely certain and there is no evidence to the contrary that the two partners intended that each should insure his life for the benefit of the partnership. As a matter of fact, each of them applied for $25,000 of insurance. Complainant's application was accepted and the policy issued to him, but Leidinger's application was rejected because he was found to be overweight. A few months later, namely, April, 1928, Leidinger was accepted as impaired risk in another company. The face of the policy was $25,000, with double indemnity in case of accidental death. This second policy was taken out through another broker who testified he asked Leidinger, "Whom shall we make beneficiary? As long as this is going to be partnership insurance, who is going to be beneficiary?" As Leidinger had already been advised by his broker that the partnership could not be named as beneficiary he naturally answered: "That question has already been thrashed out as to the beneficiary."
The premiums on both the policies were paid from the partnership funds. The Partnership act, laws of 1919, chapter 212, section 8, subdivision 2, provides: "Unless the contrary contention appears property acquired with partnership funds is partnership property." The section is perhaps not controlling since it is undisputed that these partners were in the habit of indiscriminately paying individual obligations with *Page 191 
partnership funds. There is no evidence whatever that it was the intention of the partners in regard to these two insurance policies that they should not be partnership funds, except such conclusion as can be reached from the fact that the policies were taken out payable to the individual estates. It seems perfectly clear, however, that the naming of individual beneficiaries was based wholly on the statement of the broker that no other course could be pursued. The broker Stowe, who wrote the policy on complainant's life, testified that when the partners discussed the form of policy complainant said: "We want this insurance so if anything happens to either one of us, the one of us who is left will have the money to wind up the business, or to carry on as he sees fit." Such an expression could have no meaning if on the death of one of the partners the proceeds of the insurance on his life were to go to his individual estate. It could only have meaning if the proceeds of the policy were to go to the benefit of the partnership.
The defendant lays stress upon the fact that complainant paid no further premuims and allowed his policy to lapse after the death of Leidinger. I cannot see that this has any bearing, since if the policy on complainant's life was for the benefit of the partnership and since the partnership terminated on Leidinger's death, there would be no occasion to carry insurance any longer for the benefit of the partnership.
From the foregoing it seems clear to me that the partners intended to take out insurance on the lives of both of them so as to protect the partnership in case of the death of either of them. The insurance was taken out on the life of each partner and it is immaterial that the insurance was taken out in the individual names, since the proceeds of each policy would be in trust for the benefit of the partnership. I find ample evidence to sustain the contention of the complainant as to the existence of this agreement and I do not find any evidence inconsistent therewith and accordingly the exceptions to the master's report are sustained. I find that the complainant is entitled on this accounting to a credit for one-half of the insurance policy on the life of Leidinger. *Page 192